CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

CHARLES H. POWERS,　　　　　　　)
*trading as*　　　　　　　　　　　　)　　Case No. 7:05CV00436
Sadisco of Wytheville,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　)
A. JAMES COBLE, et al.,　　　　　　)
*a.k.a.*　　　　　　　　　　　　　　)
Jimmy Coble,　　　　　　　　　　　)　　By: James C. Turk
　　　　　　　　　　　　　　　　　　)　　Senior United States District Judge
　　　　Defendant(s).　　　　　　　　)

This matter is before the court on plaintiff Charles H. Powers's motion of September 2, 2005 for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) regarding his civil conversion claim. The parties have briefed the issues of this motion; and on October 25, 2005, an in-chambers hearing was held at which the parties presented arguments concerning this motion. Upon review of the parties' briefs and arguments, and viewing the pleadings in the light most favorable to defendants, the court finds that there are contested issues of material facts. Therefore, the court will deny Powers's motion for partial judgment on his civil conversion claim.

Pursuant to Rule 12(c), judgment on the pleadings is appropriate where, after viewing the pleadings in the light most favorable to the non-moving party, no genuine issue of material fact exists. See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 587 n.3, 591, 620 (4th Cir. 2004). In this action, Powers seeks to recover for many acts of malfeasance which he alleges the defendants committed against him and his company, Sadisco of Wytheville

("Sadisco"). Specifically, Powers alleges that defendants were employees of Sadisco and that Sadisco is a sole proprietorship which is owned soley by Powers; therefore, defendants had no right to withdraw or otherwise appropriate various funds from Sadisco or Powers without his approval or knowledge. In support of his motion for partial judgment on his civil conversion claim, Powers states that the pleadings with respect to his common law conversion claim are closed and reveal no dispute among the parties as to any fact material concerning defendants' liability for embezzlement of $250,000 which they withdrew from Sadisco's operating account on November 1, 2001, because defendants clearly deprived him of his right to possess those funds. In response, defendants state that the pleadings concerning this portion of Powers's civil conversion claim show that several material facts are contested because defendants allege that Sadisco is not a sole proprietorship owned solely by Powers, but that they are partners with Powers, they own a percentage of Sadisco, they have a right to Sadisco's profits, and they had a right to withdraw the contested funds on November 1, 2001 to distribute profit shares as principals of the business.

Therefore, viewing the facts in the light most favorable to defendants as the non-moving party under Rule 12(c), the court finds that there are contested issues of material facts. See id. Accordingly, it is **ORDERED** that Powers's Rule 12(c) motion for partial judgment on his civil conversion claim is **DENIED**.

The Clerk is directed to send certified copies of this order to all counsel for the parties.

**ENTER:** This _2nd_ day of November, 2005.

_James G. Jones_
_____
SENIOR UNITED STATES DISTRICT JUDGE

2